FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★    NOV 1 2006    ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

WENDY DAVENPORT,

                Plaintiff,

- against -

JBG SAILING INC.; THE YACHT
IEMANJA, in rem, her engines, tackle, etc.;
and JAMES GOTTLIEB, an individual,

                Defendants.

----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-05-1495 (BMC)(ETB)

**COGAN**, District Judge.

This case is before the Court on defendant Gottlieb's motion for summary judgment, dismissing him as a party to the case. For the reasons set forth below, the motion is granted.

Plaintiff alleges that she was a crewmember of the yacht Iemanja, and sustained an injury when Gottlieb, the owner of the company that owned the yacht, defendant JBG Sailing Inc., told the ship's captain, Cote, that he needed help retrieving some items from his car. Captain Cote directed plaintiff to disembark from the yacht and retrieve the items. The yacht had a "two step box" on board to provide access to and from the vessel, but it was not affixed at the time, and Cote directed plaintiff to jump off the boat onto the dock. She did so and injured her foot.

Fed. R. Civ. P. 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Only disputes about material facts that might affect the

outcome of the suit under governing law will properly preclude summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

Plaintiff argues that summary judgment is inappropriate because a factual issue remains concerning whether Gottlieb's alleged negligence was the proximate cause of plaintiff's injury. Plaintiff's difficulty, however, is not proximate cause. Her problem is that there is no evidence of a breach of duty on Gottlieb's part. The only thing he did was tell Captain Cote that he needed help getting some items from his car. That instruction does not indicate a lack of reasonable care. Captain Cote might have implemented that instruction in a negligent or non-negligent way, but, standing alone, Gottlieb did nothing in giving the instruction with which a jury could reasonably find fault.

It was Captain Cote, not Gottlieb, who was the vessel's master, and thus responsible for safety in connection with the vessel. Cote determined who would retrieve the items from Gottlieb's car, and had responsibility for how they disembarked from the yacht. Simply being an officer of JBG did not create any duty on Gottlieb's part to ensure that his request for assistance was carried out in a non-negligent manner.

Even if Gottlieb had a duty to ensure plaintiff's safety, I am unable to find that Gottlieb breached the duty by giving an instruction to Cote that he needed help retrieving items from his car, or by failing to dictate to Cote that whoever assisted him should disembark in a particular fashion. If Gottlieb told plaintiff "jump," or said to Cote "have someone jump off the yacht to retrieve the items," that arguably would have been a breach of duty, and the Court would then engage in a causation analysis. However, the undisputed facts show that neither scenario was the case here. Plaintiff testified that it was Cote, not Gottlieb, who gave her the express order to jump off the vessel; that she did not hear any other party give such an order; and, that despite her

2

hesitation about jumping, she did so because she was following Cote's instruction. Plaintiff's argument that O'Neil's speculative testimony raises a factual issue regarding whether Gottlieb himself actually gave the instruction for her to jump is insufficient to preclude summary judgment.

Finally, the Court rejects plaintiff's arguments as a matter of law that Gottlieb is liable for having not fully disclosed his agency, or that the corporate veil may be pierced to reach him. No such claims have been pled and, in any event, the arguments that plaintiff makes are insufficient to raise a genuine issue of material fact concerning them.

Defendant's motion for summary judgment is therefore granted and the claims against defendant Gottlieb are dismissed.

**SO ORDERED.**

/s/ Hon. Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
October 31, 2006